# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD GRINNELL, | Case No. SA CV 12-2069 JCG |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1] | |
| Defendant. | |

Ronald Grinnell ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected the opinions of his treating physicians. (Joint Stip. at 3-10, 12.) The Court agrees with Plaintiff for the reasons stated below.

A. <u>An ALJ Must Provide Clear and Convincing Reasons to Reject the Uncontradicted Opinion of a Treating Physician</u>

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *accord Benton ex rel. Benton v. Barnhart*,

---

[1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

331 F.3d 1030, 1036 (9th Cir. 2003).  This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).

Where  the treating physician's "opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." *Benton*, 331 F.3d at 1036; *see also Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ( "While the ALJ may disregard the opinion of a treating physician, whether or not controverted, the ALJ may reject an *uncontroverted* opinion of a treating physician only for clear and convincing reasons.") (italics in original).

  B. <u>The ALJ Failed to Provide Clear and Convincing Reasons for Rejecting the Opinions of Plaintiff's Treating Physicians</u>

Here, the ALJ provided two reasons for rejecting the opinions of Plaintiff's treating physicians.  The Court addresses, and rejects, both reasons below.

First, the ALJ found that "the opinions from Riverside County Department of Mental Health ("Riverside") were not made by acceptable medical sources." (Administrative Record "AR" at 53.)  The ALJ, however, is mistaken.  Plaintiff was a patient at Riverside from May 2011 through August 2011.  (*Id.* at 342-69.)  There, he was treated by licensed psychiatrists Ramesh G. Patel and Raj P. Rajani,[2] in conjunction with several clinicians.  (*See id.*)  While the clinicians may not be medically acceptable sources, Plaintiff's psychiatrists certainly are.  *See* 20 C.F.R. § 404.1513.  In his wholesale dismissal of Plaintiff's records from Riverside, the ALJ

---

[2] The Court takes judicial notice that Drs. Patel and Rajani are licenced as a matter of public record.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("a court may take judicial notice of matters of public record") (citations omitted).  The Court confirmed Dr. Patel's license, number 46148, and Dr. Rajani's license, number 42580, on the California Department of Consumer Affairs website. https://www.breeze.ca.gov/datamart/searchByName.do (last visited Jan. 17, 2014).

did not give proper weight to the opinions of Drs. Patel and Rajani.[3/]

Drs. Patel and Rajani offer significant insight into Plaintiff's mental condition. Dr. Patel treated Plaintiff on at least five occasions in 2011. (*See* AR at 343, 358, 362, 366-67.) On May 21, Dr. Patel described Plaintiff as anxious and depressed with impaired judgment. (*Id.* at 343.) On June 7, he diagnosed Plaintiff with Bipolar I disorder. (*Id.* at 358.) On June 8, Dr. Patel found Plaintiff to be paranoid and confused. (*Id.* at 362.) On July 7, Plaintiff was suffering from obsessions and phobias. (*Id.* at 366.) On August 8, Dr. Patel again found Plaintiff to be anxious and depressed, and his thought process was rambling. (*Id.* at 366-67.) On October 11, 2011, Dr. Rajani reiterated Dr. Patel's Bipolar I diagnosis. (*Id.* at 369.) Dr. Rajani further opined that Plaintiff was unable to "maintain a sustained level of concentration," "sustain repetitive tasks for an extended period," "adapt to new or stressful situations," or interact properly with coworkers or supervisors. (*Id.*) The ALJ erred in disregarding these uncontradicted opinions.

Second, the ALJ found that Plaintiff's treating physicians exceeded their roles by asserting that Plaintiff "is unable to work and [] cannot perform a past job." (AR at 53.) This reason alone, however, is insufficient to discredit a treating opinion. True, the issue of disability is a legal one, and a treating physician's beliefs regarding it are not entitled to any deference. 20 C.F.R. § 404.1527(e). At the same time, however, such beliefs bear little weight on the validity of an accompanying medical assessment, which must be addressed separately. *Boardman v. Astrue*, 286 F. App'x 397, 399 (9th Cir. 2008). The ALJ failed to discuss the *medical* value of the treating physicians' opinions, and thus a finding of error is appropriate.

Accordingly, for the reasons stated above, the ALJ improperly discredited the opinions of Plaintiff's treating physicians. The Court thus determines that the ALJ's

---

[3/] Tellingly, the Commissioner does not advance this argument in the parties' joint stipulation. (*See generally* Joint Stip. at 7-11.)

decision is not supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

      C.      <u>Remand is Warranted</u>

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

Here, in light of the ALJ's error, the credibility of the treating physicians' opinions must be properly assessed. Therefore, on remand, the ALJ shall reevaluate their opinions and either credit them as true, or provide valid reasons for any portion that is rejected.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[4/]

Dated: January 22, 2014

                                        _____
                                                      Hon. Jay C. Gandhi
                                                  United States Magistrate Judge

---

[4/] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contentions. (*See* Joint Stip. at 4-5, 12-16.)

4